UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK PATRICK BIRCH JR., | Case No. 2:19-cv-01338-GMN-DJA |
| Plaintiff | ORDER |
| v. | |
| STATE OF NEVADA et al., | |
| Defendants | |

## I. DISCUSSION

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion to extend copy work limit. (ECF Nos. 1, 1-1, 3).

Plaintiff's application to proceed *in forma pauperis* is incomplete. Pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, Plaintiff must complete an application to proceed *in forma pauperis* and attach both an inmate account statement for the past six months and a properly executed financial certificate. Plaintiff has not submitted a properly executed financial certificate on this Court's approved form or an inmate account statement. (*See* ECF No. 1). As such, the *in forma pauperis* application is denied without prejudice. The Court will retain Plaintiff's civil rights complaint (ECF No. 1-1), but will not file it until the matter of the payment of the filing fee is resolved. Plaintiff will be granted an opportunity to cure the deficiencies of his application to proceed *in forma pauperis*, or in the alternative, pay the full filing fee for this action. If Plaintiff chooses to file a new application to proceed *in forma pauperis* he must file a fully complete application to proceed *in forma pauperis*.

Plaintiff has filed a motion to extend his copy work limit. (ECF No. 3). An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can

only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). The Court denies the extension of copy work limit at this time because this case is in the pre-service stage and has not undergone screening yet.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice to file a new application.

IT IS FURTHER ORDERED that the Clerk of the Court SHALL SEND Plaintiff the approved form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

IT IS FURTHER ORDERED that within thirty (30) days from the date of this order, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400 fee for filing a civil action (which includes the $350 filing fee and the $50 administrative fee).

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result.

IT IS FURTHER ORDERED that the Clerk of the Court shall retain the complaint (ECF No. 1-1), but shall not file it at this time.

IT IS FURTHER ORDERED that the motion to extend copy work limit (ECF No. 3) is denied without prejudice.


DATED THIS ___3___ day of August 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court

- 2 -